3:20-mj-179

| | |
|---|---|
| DISTRICT OF OREGON ) | |
| ) ss: | AFFIDAVIT OF DEPUTY MARSHAL |
| County of Multnomah ) | JONATHAN LOBELL |

**Affidavit in Support of a Criminal Complaint and Arrest Warrant**

I, Jonathan Lobell, being duly sworn, do hereby depose and state as follows:

**Introduction and Agent Background**

1. I am a Deputy with the United States Marshals Service and have been since 2008. I am a Criminal Investigator Deputy United States Marshal (CIDUSM) with the United States Marshals Service. I am assigned to the Pacific Northwest Violent Offender Task Force where I am responsible for conducting fugitive investigations that result in arrest and prosecutions of individuals who are facing criminal charges in state and federal court. As a Criminal Investigator Deputy U.S. Marshal, I am authorized under 28 U.S.C. § 564 to enforce the federal criminal laws of the United States. My training and experience include completion of the Federal Criminal Investigator Training Program and the U.S. Marshals Service Basic Academy at the Federal Law Enforcement Training Center in Glynco, Georgia. I have also attended additional training provided by other law enforcement entities relating to fugitive investigations and drug investigations.

2. I submit this affidavit in support of a criminal complaint and arrest warrant for Jordan Matthew JOHNSON. As set forth below, there is probable cause to believe, and I do believe, that JOHNSON committed the offense of Assaulting a Federal Officer (felony), in violation of 18 U.S.C. § 111(a)(1).

Page 1 – Affidavit of Jonathan Lobell

3.      The facts set forth in this affidavit are based on the following: my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, interviews of witnesses, my review of records related to this investigation, communication with others who have knowledge of the events and circumstances described herein, and information gained through my training and experience. Because this affidavit is submitted for the limited purpose of establishing probable cause in support of the application for an arrest warrant, it does not set forth each fact that I or others have learned during this investigation.

## Applicable Law

4.      18 U.S.C. § 111(a)(1) makes it an offense to forcibly assault, resist, oppose, impede, intimidate, or interfere with any person designated in 18 U.S.C. § 1114 while engaged in or on account of the performance of official duties.  Persons designated in § 1114 include any officer or employee of the United States or of any agency in any branch of the United States government while such officer or employee is engaged in or on account of the performance of official duties, and any person assisting such an officer or employee in the performance of official duties.  Under § 111(a), simple assault is a misdemeanor, but where the assaultive acts involve physical contact with the victim, the offense is a felony punishable by imprisonment up to 8 years.

## Statement of Probable Cause

5.      Since on or about May 26, 2020, protesters have gathered in Portland public areas to protest.  Three of these public areas are Lownsdale Square, Chapman Square and Terry Schrunk Plaza.  The Portland Justice Center, housing Portland Police Bureau's (PPB) Central

Precinct and the Multnomah County Detention Center (MCDC), border these parks, as does the Mark O.Hatfield United States Federal Courthouse[1]. The United States of America owns the entire city block (Block #24) occupied by the courthouse building depicted below:



Daily protests have regularly been followed by nightly criminal activity in the form of vandalism, destruction of property, looting, arson, assaults, and the use of molotov cocktail explosives. The Mark O. Hatfield Courthouse has experienced significant damage to the façade, glass, and building fixtures during the weeks following this incident. Additionally, mounted building security cameras and access control devices have been vandalized or stolen. The most recent repair estimate for the damage at the Mark O. Hatfield Courthouse is in excess of $50,000.

---

[1] As part of my duties, I am familiar with the property boundaries for federal facilities in the Portland Oregon area. The federal government owns the entire city block occupied by the Mark O. Federal Courthouse. Easements have been granted for the sidewalks surrounding the facility. The property boundary extends past the sidewalks and into the streets surrounding the courthouse.

Page 3 – Affidavit of Jonathan Lobell

Other federal properties in the area routinely being vandalized include the historic Pioneer Federal Courthouse, the Gus Solomon Courthouse, and the Edith Green Wendall Wyatt Federal Office Building.   Federal Protective Service (FPS) law enforcement officers, U.S. Marshal Service Deputies and other federal law enforcement officers working in the protection of the Mark O. Hatfield Courthouse have been subjected to assault, threats, aerial fireworks including mortars, high intensity lasers targeting officer's eyes, thrown rocks, bottles and balloons filled with paint, and vulgar language from demonstrators while preforming their duties.

      6.      On July 29, 2020 at approximately 10:45 PM a crowd of approximately 500 protestors were gathered on the 3rd Avenue side of the Hatfield USCH between SW Main and SW Salmon streets. Individuals in the crowd started to tamper with the perimeter fence by attempting to cut it. Officers from FPS deployed inside of the fenced perimeter to deter one of the individuals who was attempting to cut the fence. While FPS officers were successful at deterring breach of the fence, violent offenders (VOs) from within the crowd began throwing glass bottles and other hard objects at FPS officers. At approximately 11:00 PM FPS made announcements over the Long-Range Acoustic Device (LRAD) that if the crowd continued to throw objects at officers, the gathering would be considered an unlawful assembly. At approximately 11:22 the same individual returned to the fence and attempted to cut it open. FPS deployed from the courthouse, inside the fenced perimeter, to deter the individual while VO's continued to throw glass bottles and point lasers at the FPS officers.

      7.      At approximately 11:30 PM FPS declared an unlawful assembly and at 11:45 pm federal law enforcement tactical teams deployed from the USCH to disperse the crowd.

**Page 4 – Affidavit of Jonathan Lobell**

8.      At approximately 1:30 AM on 07/30/2020 I interviewed DUSM 1, DUSM 2(Victim), DUSM 3(Victim) and DUSM 4 regarding an assault on two DUSMs that occurred during the crowd dispersal at the corner of SW 3rd Avenue and SW Salmon Street. At the time of the assault all the DUSMs involved were in uniform with "POLICE US Marshal" patches on their vests.

9.      At approximately 12:34 AM on July 30, 2020 a male in the crowd, later identified as Jordan Matthew JOHNSON, DOB xx/xx/1987 was observed by federal officers attempting to pick up a smoke grenade, deployed by federal law enforcement to assist in dispersing the crowd. Law enforcement attempted to stop JOHNSON with rubber munitions, but he was undeterred. DUSM 2 (Victim 1) ran toward JOHNSON and brought him to the ground to prevent him from grabbing the smoke grenade and placed him under arrest for failing to disperse. JOHNSON struck DUSM 2 in the neck and attempted to get off the ground. DUSM 3(Victim 2) observed JOHNSON strike DUSM 2 and attempted to restrain JOHNSON. While DUSM 2 and DUSM 3 attempted to place JOHNSON under arrest, JOHNSON struck DUSM 3 in the head and continued to resist. DUSM 4 observed the struggle between JOHNSON, DUSM 2 and DUSM 3 and grabbed JOHNSON by the back of his shirt and used force to restrain JOHNSON. Subsequently, DUSM 1 and DUSM 4 were able to place JOHNSON under arrest without further incident. JOHNSON was escorted into the USCH and taken to the U.S. Marshal cell block.

10.      At approximately 2:50 AM on 07/30/2020 law enforcement conducted an in-custody recorded interview of JOHNSON. JOHNSON was advised of his Miranda Warnings and voluntarily chose to speak with law enforcement regarding the assault. JOHNSON stated that he has been attending the protest in downtown Portland for two weeks and had learned of the

Page 5 – Affidavit of Jonathan Lobell

protests through various news sources. JOHNSON stated his reason for attending the protest was to make sure his friends get home safe. JOHNSON stated that he did not hear any announcements made by any law enforcement while he was outside. JOHNSON stated that he was standing at the corner of SW 3rd Ave and SW Salmon Street and observed a smokey object on the ground and went to pick it up and then he was tackled by individuals in camouflage uniforms. I asked JOHNSON if he recalled any police markings and he said no. JOHNSON stated that he was doing nothing when he was tackled. I explained to JOHNSON that I had interviewed the DUSM's that were struck by JOHNSON and he stated that he never struck anyone. JOHNSON stated that once the individuals in camouflage uniforms placed handcuffs on him, he did not resist. I did not ask JOHNSON any further questions at that time and stopped recording the interview.

11. At approximately 3:00AM on July 30, 2020, I began a new recorded interview. JOHNSON signed a Miranda waiver form and was notified he was being charged with assault. I informed JOHNSON of his rights again and he acknowledged them and agreed to waive them to continue to speak with myself and DUSM Cozart. JOHNSON stated that he was concerned about the charges and asked why, if he was tackled from behind how he could be charged with assault. I explained to JOHNSON that four DUSMS were involved in his arrest and all observed JOHNSON resist and strike DUSM 2 and DUSM 3. No further questions were asked of JOHNSON regarding the assault at that time and the interview was concluded.

12. I conducted a criminal history check on JOHNSON after the interview and learned that JOHNSON has a criminal history in Oregon from 2007 to 2013 to include DUI, Failure to Appear, Probation violations.

Page 6 – Affidavit of Jonathan Lobell

## Conclusion

13.     Based on the foregoing, I have probable cause to believe, and I do believe, that Jordan Matthew JOHNSON committed a violation of 18 U.S.C. § 111(a), and in so doing made physical contact with DUSM 2 and DUSM 3.

14.     Prior to being submitted to the Court, this affidavit, the accompanying complaint and the arrest warrant were all reviewed by Assistant United States Attorney (AUSA) Natalie Wight, who advised that in her opinion the affidavit and complaint are legally and factually sufficient to establish probable cause to support the issuance of the requested criminal complaint and arrest warrant.

/s/ Sworn to by telephone
*In accordance with Fed. R. Crim. P. 4.1*
Jonathan Lobell
Deputy U.S. Marshal
U.S. Marshals Service

Sworn to by telephone or other reliable means at  10:36 a.m./~~p.m.~~  in accordance with Fed. R. Crim. P. 4.1 this  30  day of July 2020.

_____
HONORABLE Jolie A. Russo
United States Magistrate Judge